**Billie Pershing HOLDER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39605.**

Court of Criminal Appeals of Texas.

May 25, 1966.

Rehearing Denied Oct. 12, 1966.

J. O. Duncan, Gilmer, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

This is an appeal from an order revoking probation.

Upon his plea of guilty to the felony offense of drunk driving, appellant was on October 23, 1965, assessed a term of five years in the penitentiary.

Imposition of sentence was suspended and probation was granted, the first condition being that he commit no offense against the laws of this state or any other state, or of the United States.

On November 30, 1965, motion to revoke such probation was filed by the Criminal District Attorney, alleging that appellant violated the above condition of his probation in that on November 25, 1965, he drove an automobile upon a public road while he was under the influence of intoxicating liquor.

Hearing was had on December 9, 1965, at the conclusion of which judgment was rendered finding that appellant did so violate said condition of his probation, and revoking the order suspending the imposition of sentence. Sentence was pronounced and appellant gave notice of appeal and entered into recognizance on appeal on December 9, 1965.

The record reflects that the state introduced testimony at the hearing sufficient to sustain the trial court's finding that appellant drove an automobile upon a public road in Upshur County on November 25, 1965, and that he was at such time intoxicated.

Appellant offered in evidence an order entered in County Court of Upshur County in Cause No. 3050, dated November 4, 1963, adjudging him mentally ill and committing him to Terrell State Hospital. Also he introduced the affidavit of two licensed medical doctors whose diagnoses, based upon their examination of him on October 31, 1963, was "chronic alcoholic," and whose opinions were that he was mentally ill and required observation and treatment in a mental hospital.

Appellant contends that when he introduced the judgment of the County Court the trial judge was under the legal duty to stay all proceedings and impanel a jury to determine the issue of appellant's sanity. He further contends that the judgment revoking probation should be reversed and remanded for a jury trial to determine his sanity or insanity, and in the alternative, prays that this court order all proceedings be stayed until a jury trial has been had in the trial court to determine the sanity or insanity of appellant.

We overrule the appellant's contention.

■ There is no showing in the record that the issue of appellant's present sanity has been raised in the trial court.

■ The judgment finding appellant mentally ill on November 4, 1963, was not a bar to his trial and conviction for a felony offense two years later. Nor was it a bar to the hearing on the revocation of probation.

■ The judgment of conviction reflects a finding by the court on October 23, 1965, that the defendant was sane.

■ The trial judge did not abuse his discretion in revoking probation.

The judgment is affirmed.