**Earnest BENFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45617.**

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Dec. 6, 1972.

James A. Burroughs, of Friedman & Burroughs, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Mike J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

On December 10, 1970, appellant entered a plea of guilty to an indictment charging him with the offense of felony theft. Punishment was assessed at five years on December 17, 1970, but the imposition of the sentence was suspended and appellant was placed on probation subject to certain conditions of probation. Among such conditions was the requirement that the appellant:

"2. Commit no offense against the laws of this or any State or of the United States;"

On July 6, 1971, the State filed a motion to revoke probation alleging a violation of the above described condition of probation in that "he (appellant) committed the offense of robbery by assault . . . ." An amended motion to revoke probation was filed on October 26, 1971, alleging as a basis for revocation that appellant committed the offense of assault and battery. The court revoked probation after a hearing on October 26, 1971, finding that appellant had committed the offense of assault and battery. Sentence was imposed, and appellant gave notice of appeal.

Appellant contends the court erred in failing to grant his motion for jury trial on the issue of present sanity. Appellant's motion, filed on October 15, 1971, alleged that he was "a person of unsound mind at this time" and that he could "establish a reasonable doubt as to his sanity such as to require this court to impanel a jury on the issue of his sanity pursuant to Art. 46.02, Sec. 4, of the Texas Code of Criminal Procedure." The pertinent part of Art. 46.02, Sec. 4, Vernon's Ann.C.C.P., provides: "If the question of the sanity of the defendant is raised after his conviction and prior to the pronouncement of sentence in a felony case or while an appeal from that conviction is pending, and sufficient proof is shown to satisfy the judge of the convicting court that a reasonable doubt exists as to the sanity of the defendant, the judge shall impanel a jury to determine whether

the defendant is sane or insane." Appellant's motion was heard prior to the hearing on revocation and Dr. Oscar Yero, a psychiatrist, was called as a witness by appellant. Dr. Yero testified that he examined appellant on July 15, 1971, September 16, 1971 and October 14, 1971, and that in his opinion, appellant has an organic brain disorder that causes convulsions. Dr. Yero further testified that, in his opinion, appellant was legally sane at the time the offense took place (the offense which forms the basis for revocation), and from his last evaluation of appellant, it was his opinion that he was legally competent to stand trial. Appellant contends that the testimony of Dr. Yero raised a reasonable doubt as to appellant's sanity which required a jury trial on the issue of present sanity. After Dr. Yero had testified as to his opinion regarding appellant's sanity, the following occurred during examination by appellant's counsel:

"Q. In light of this statement, in other words, you are telling us, Doctor, that we haven't done enough work to really know what this man's problem is?

"A. I think from a psychiatric point of view, I am satisfied with my opinion. I am not absolutely sure, but the preponderance of the value of my findings and my evaluation, in good faith, I have made some statements and I stand by them."

In light of Dr. Yero's testimony regarding appellant's sanity, we find that the court was not in error in denying the motion for jury trial on appellant's present sanity.

■ Appellant urges that as a result of being indigent and the court's denial of his motion for expenses to procure expert testimony, he was deprived of the independent, specialized psychiatric aid basic to effective representation by counsel. Appellant relies on Jacobs v. United States, 350 F.2d 571 (4th Cir., 1965) and Bush v. McCollum, 344 F.2d 672 (5th Cir., 1965). In the Jacobs case, the court noted that the only expert witness was a psychologist rather than a psychiatrist who was relying on a routine prison examination. The court further noted that the expert was a witness for the government and without expert help, petitioner was denied the opportunity of a fully informed cross-examination. The court, in Jacobs, held: "In the circumstances shown, a substantial question having arisen as to the defendant's mental capacity at the time of trial, the appointment of a psychiatrist at government expense was required." In the instant case, Dr. Yero, a psychiatrist, was called as a witness by the appellant. We do not find that his testimony raised a substantial question as to appellant's mental capacity. We find appellant's reliance on Bush v. McCollum, supra, to be misplaced in that the only expert testimony in the McCollum case came from a clinical psychologist whose sole examination was made during a noon recess while trial was in progress.

No error is shown in the court's denial of appellant's motion for expenses to procure expert testimony.

■ Appellant was identified as one of the persons who assaulted two men outside of Ernie's Chicken Shack in Austin during the early morning hours of June 13, 1971.

The court did not abuse its discretion in revoking probation.

The judgment is affirmed.

Opinion approved by the Court.