Calvin Lee THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–82–0016–CR.

Court of Appeals of Texas, Tyler.

May 12, 1983.

Randall L. Roberts, Tyler, for appellant.

Jack Skeen, Jr., Dist. Atty., Tyler, for appellee.

COLLEY, Judge.

This is an appeal from revocation of appellant's probation which was granted pursuant to the provisions of Sec. 3 of Article 42.12, V.A.C.C.P.

Appellant presents one ground of error contending that the trial court erred in denying appellant's motion for commitment to a mental hospital for psychiatric examination.

On March 9, 1981, appellant was convicted on his plea of guilty of the offense of unauthorized use of a motor vehicle. His punishment was assessed at four years confinement in the Texas Department of Corrections by the trial judge. Imposition of sentence was suspended and appellant was placed on probation for a period of four years provided he abide by the terms of certain conditions annexed to his probation. Condition (1) provides that he "[c]ommit no offense against the laws of Texas, any other state, or the United States." On June 29, 1981, the State filed an application to revoke appellant's probation alleging, inter alia, that the appellant, on May 23, 1981, committed the offense of unauthorized use of a motor vehicle belonging to one Jimmy Lee Brown. Appellant was indigent and the court appointed counsel to defend him at the revocation hearing conducted on August 6, 1981. Following this hearing, the trial court revoked appellant's probation and sentenced him to four years confinement in the Texas Department of Corrections. No attack is made by the appellant on his conviction.

On August 3, 1981, appellant's appointed counsel filed a motion for examination of appellant by medical experts as to appellant's competency to stand trial as authorized by Section 3(a) of Article 46.02, V.A.C.C.P. The record shows that the motion was not urged until the case was called for trial on the State's revocation motion. Before proceeding to trial in the revocation proceeding, the trial judge heard testimony on appellant's motion for examination by mental health experts. Appellant's counsel, Randall L. Roberts, testified that he visited with his client on July 27, 1981, to discuss the "... facts of the case with him for some forty-five minutes to an hour." Roberts testified further as follows: "I generally found him to be extremely disoriented in terms of facts, times, concerning not only the alleged incident, but also his background ...." Roberts went on to state in his testimony that he has serious doubts about his client's present ability to consult with him and assist him in his defense of the State's application to revoke probation.

The State put Smith County Adult Probation Officer, Robert Woods, on the stand. Woods testified that he supervised appellant for approximately three months and had interviewed him on at least one occasion. Wood stated that appellant appeared "... somewhat slow in his thought processes, but did appear to know what was right and what was wrong." When Woods was asked by State's counsel whether appellant had "some type of emotional sickness," Woods replied, "... it would be more some type of retardation." Subsequently, on cross-examination, Woods testified in effect that appellant was "somewhat retarded." At the close of the evidence presented at the hearing on appellant's motion, the trial court overruled the same, remarking, "... [b]ased on the evidence in this case, the court is going to deny and overrule the appellant's motion...."

Although appellant's ground of error does not specifically contend that a mid-trial competency hearing should have been conducted prior to the revocation hearing, we so construe his ground under the record before us. Appellant's counsel contended at the hearing below on the motion for examination of defendant, that appellant was incompetent to stand trial. We have discussed some of the testimony presented at that hearing. We are persuaded that when the "bona fide doubt" standard enunciated in *Johnson v. State*, 564 S.W.2d 707 (Tex.Cr.App.1978), is applied to the evidence before the trial court, that a bona fide doubt was raised as to the competency of appellant to stand trial.

The due process clause of the state and federal constitutions prohibits a person from being tried and convicted while incompetent. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) and *Townsend v. State*, 427 S.W.2d 55 (Tex.Cr.App. 1968). Article 46.02, Section 1(a)(1) and (2) provides:

Sec. 1(a) A person is incompetent to stand trial if he does not have:

(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or

(2) a rational as well as factual understanding of the proceedings against him.

Section 2(b) reads:

(b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

Section 4(a) reads in part as follows:

(a) If the court determines that there is evidence to support a finding of incompetency to stand trial, a jury shall be impaneled to determine the defendant's competency to stand trial.

None of the above-quoted provisions of Article 46.02 (1975 revision) suggests their applicability to revocation hearings. A recent panel decision of the Court of Criminal Appeals in *Mata v. State*, 632 S.W.2d 355 (Tex. Cr.App.1982) in effect holds that such provisions do in fact apply to a "trial" of a revocation motion. Several decisions of the Court of Criminal Appeals impliedly hold that due process requires that no person may suffer revocation of his probation while incompetent. *See, Holder v. State*, 406 S.W.2d 436 (Tex.Cr.App.1966); *Benford v. State*, 486 S.W.2d 788 (Tex.Cr.App.1972); and *Martin v. State*, 504 S.W.2d 887 (Tex. Cr.App.1973). All these cases, of course, were decided prior to the 1975 revision of Article 46.02. In *Martin*, Judge Onion in his dissent, citing *Pate v. Robinson, supra*, and *Townsend v. State, supra*, inter alia, states that due process requires the trial judge to halt revocation proceedings and conduct a jury competency hearing where a bona fide doubt exists as to the competency of the defendant to stand trial. The majority opinion in that case was in agreement with the dissent to that extent. Article 46.02 provides state procedures to protect the due process rights of accused persons as required by *Pate v. Robinson, supra*, in probation revocation proceedings. *See, Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1966). *See also, Campbell v. State*, 456 S.W.2d 918 (Tex.Cr.App.1970).

Now to the question in our case: Was the evidence presented at trial sufficient to create a bona fide doubt as to the competency of the appellant to stand trial on the revocation motion? *Johnson v. State*, 564 S.W.2d 707 (Tex.Cr.App.1978). The fact that no request was made for a competency hearing is immaterial because where evidence of incompetency becomes manifest at trial sufficient to create such doubt, then due process requires a competency hearing before a jury in Texas in accordance with Section 4(a) of Article 46.-02, V.A.C.C.P. *Bonner v. State*, 520 S.W.2d 901 (Tex.Cr.App.1975). We conclude that the testimony presented by appellant's counsel and by the State's witness, Robert Woods, was sufficient to create a bona fide doubt as to appellant's competency and the failure of the trial judge thereafter to halt the revocation proceedings and impanel a jury to determine that issue constituted an abuse of discretion under this record. The order revoking appellant's probation is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.