NO. 07-02-0234-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 7, 2003


______________________________



PHILLIP COOPER
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13279-9901; HON. ED SELF, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Phillip Cooper (appellant) appeals from a final judgment revoking his probation. 
Through three issues, he asserts that 1) the trial court should have held a hearing to
determine his competency, 2) his plea was involuntary, 3) the trial court erred in calculating
the amount of fine, fees and restitution he owed, and 4) the trial court erred in calculating
his credit for time served. We modify the judgment and affirm it as modified.




Issue One -- Competency and Involuntariness


 Appellant argues that the trial court should have conducted a competency hearing,
sua sponte, because appellant's "overwhelming focus" upon his "medical condition" and
"its resolution" indicates that he was incompetent. This fixation also caused his pleas of
true to all but one of the allegations in the State's motion to revoke probation to be
involuntary, according to appellant. 

 Sua Sponte Competency Hearing

 A person is incompetent to stand trial if he does not have 1) sufficient present ability
to consult with his lawyer with a reasonable degree of rational understanding or 2) a
rational as well as factual understanding of the proceedings against him. Tex. Code Crim.
Proc. Ann. art. 46.02 §1(A)(a) (Vernon Supp. 2003). If, during trial, evidence of the
defendant's incompetency is brought to the attention of the trial court from any source, it
then must conduct a hearing to determine whether there is evidence to support a finding
of incompetency. (2) Id. §2(b) (Vernon 1979). However, a sua sponte hearing is required
only if the evidence brought to the trial court's attention raised a bona fide doubt in the
mind of the judge as to the defendant's competency. Alcott v. State, 51 S.W.3d 596, 601
(Tex. Crim. App. 2001). Finally, a bona fide doubt arises when the evidence indicates the
accused suffered recent severe mental illness, moderate mental retardation, or truly bizarre
acts were committed by the defendant. McDaniel v. State, 98 S.W.3d 704, 710 (Tex. Crim.
App. 2003); Alcott v. State, 51 S.W.3d at 599 n.10; Reeves v. State, 46 S.W.3d 397, 399
(Tex. App.--Texarkana 2001, pet. dism'd).

 Here, appellant contends that the trial court was obligated to sua sponte conduct
a hearing because he purportedly was fixated on his medical condition. Yet, a review of
the record does not bear that out. Appellant did describe his medical problems during the
hearing upon the State's motion to revoke probation, but he generally did so in response
to questioning by either the prosecutor or his own counsel. And, though he spoke of those
conditions, he did not dwell on them, as counsel for appellant insinuates. Furthermore, the
purported maladies consisted of his having injured his leg after falling from a bunk at some
unmentioned time and his having suffered abdominal pains "two or three Wednesdays
ago." (3) Whether he felt pain at the time of the hearing is something we cannot discern from
the record for it is silent on the matter. So too does it fail to illustrate whether his condition
distracted him, in any way, from preparing for the hearing or participating in his defense. 
And, while he may have rambled at times in answering questions propounded to him, the
questions asked were often quite open-ended, calling for less than a succinct response. (4) 
Under that circumstance, one can hardly conclude that the rambling answers evinced
some mental defect or incompetence.

 We further note that during the hearing, appellant's counsel not only stated that he
believed appellant to be competent, but appellant himself stated that: 1) the allegations
in the motion to revoke were true (save for one); 2) no one "forced him" to plead true; 3)
no one promised him anything or threatened him in return for the plea; 4) he could read,
write and understand English; 5) he has not been treated for a mental illness; 6) he
understood he had the right to hear, see and confront his accusers; 7) he understood he
had a right not to incriminate himself; 8) he understood the effect of the stipulation of
evidence he executed; 9) he understood that the trial court could revoke his probation
simply upon his pleas of true to the allegations in the motion to revoke; 10) he discussed
the stipulation of evidence and "declaration authorizing pre-sentence investigation report"
with his attorney; 11) he voluntarily and freely signed the stipulation of evidence; and, 12)
despite understanding his rights, he nevertheless wished to plead true to all but one of the
allegations in the motion to revoke. (5) In providing that information to the trial court,
appellant's answers were coherent and responsive to the corresponding questions. So too
did they lead that court to find "that the plea of true to those allegations [was] freely,
voluntarily, knowingly, and intelligently made . . . ." (Emphasis added). 

 In short, the record fails to contain evidence indicative of any recent severe mental
illness, moderate mental retardation, or truly bizarre acts by appellant. Nor does it evince
an inability on the part of appellant to consult with his lawyer with a reasonable degree of
rational understanding or to rationally understand the proceedings against him. (6) Moreover,
the very same evidence illustrating that appellant was quite competent also evinced that
appellant's pleas of true were voluntary and made while intelligently understanding their
potential consequences. Consequently, we overrule issue one.

Issue Two -- No Credit


 Next, appellant contends that the trial court erred in failing to give him "credit on his
fine and fees and in assessing too much restitution." We sustain the issue in part and
overrule the remainder.

 As to the matter of restitution, appellant agreed, at the hearing on his initial guilty
plea, to pay the entire $875 as restitution. That was a condition of the plea bargain, a
condition to which the court accepted. 

 As to the matter of credit "on his fine and fees," appellant argues that he was
entitled to a $120 credit. The State concedes on appeal that he is entitled to a $130 credit
and that it credited the sum against the outstanding restitution, reducing the latter to $745.

Issue Three - Calculation of Time Served


 In his last issue, appellant contends that the trial court "erred in giving [him] only 171
days credit against his sentence." We overrule the issue. 

 Appellant contends that he is entitled to a credit of 252 days. His argument,
however, is dependent upon our consideration of an affidavit executed by appellant and
attached to his appellate brief. (7) Affidavits and like documents attached to one's brief
cannot be considered by the court. Merchandise Center, Inc. v. WNS, Inc., 85 S.W.3d
389, 394 (Tex. App.--Texarkana 2002, no pet.). We must limit our consideration of
evidence to that appearing in the record before the trial court. Id. 

 Accordingly, we modify the judgment below to reflect that the amount of restitution
owed by appellant is $745 rather than $875 and affirm the judgment as modified.


 Brian Quinn

 Justice


Do not publish.


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. A probation revocation hearing is a trial for purposes of competency issues. Thompson v. State,
654 S.W.2d 26, 28 (Tex. App.--Tyler 1983, no pet.) (holding that due process requires that no person shall
have his probation revoked while incompetent); see also Reeves v. State, 46 S.W.3d 397, 399 (Tex. App.--
Texarkana 2001, pet. dism'd) (the court addressed the trial court's failure to conduct a competency hearing
with respect to the revocation of the defendant's probation). 
3. The pains were diagnosed as symptoms of diverticulosis.
4. For instance, appellant was asked "what is your medical condition," "do you want to address the court
on 5(A)," "what other medical problems do you have," and "what do you want the judge to do . . . I want you
to clarify that." 
5. As to the one allegation to which appellant did not plead true, he explained to the court in a coherent
manner why he thought it untrue. Simply put, he said he admitted to using drugs every day to receive
assistance from Serenity House, even though the admission was false. We do not say that the explanation
is wise or reasonable but only that it was coherently uttered. 
6. Indeed, that appellant may have turned to the State for help with his medical conditions may itself
be evidence of his competency. It is well-settled that the State must provide medical care for those it
incarcerates. Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). 
7. We find it ironic that while appellant suggests in his first issue that he was incompetent he
nonetheless finds himself sufficiently competent to calculate the days of credit to which he is purportedly
entitled and execute an affidavit containing that information.


idden="false"
 UnhideWhenUsed="false" Name="Colorful Grid Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









            NO. 07-11-0239-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 



JULY 13, 2010  

 



 

In the Interest of S.M., a Child


___________________________

 

FROM THE 72nd
DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2008-542,245; HONORABLE
RUBEN REYES, PRESIDING

 



 

Order of Dismissal

 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 








Appellant Cesar Mendez filed a notice of appeal on
June 15, 2011.  However, appellant did
not pay the $175 filing fee required under Texas Rule of Appellate Procedure
5.  Nor did he file with us an affidavit
of indigence per Texas Rule of Appellate Procedure 20.1.  By letter from this Court dated June 21, 2011, we informed appellant that the filing fee had not been
paid and that the failure to cure the default within ten days may result in a
dismissal of his appeal.  Tex. R. App. P. 42.3(c); see Holt v.
F. F. Enterprises, 990 S.W.2d 756 (Tex. App.Amarillo 1998,
pet. ref=d).  The fee
was not so paid.  Nor
did appellant tender an affidavit of indigence within that time.  Indeed, the absence of such an affidavit was
noted by the trial court via an order dated July 1, 2011, wherein it discharged
appellants appointed counsel from further representing appellant.  The trial court also disclosed in the order
that appellant had not claimed to be indigent. 

Because appellant has failed to pay the requisite
filing fees as directed by the court, we dismiss the appeal pursuant to Texas
Rule of Appellate Procedure 42.3(c). 

 

                                                              
                      

Per Curiam