NO. 07-03-0354-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 9, 2004



______________________________




RICHARD JAMES WARD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 128TH DISTRICT COURT OF ORANGE COUNTY;



NO. A-960373-R; HONORABLE PATRICK A. CLARK, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

OPINION


 Appellant Richard James Ward appeals from a judgment revoking his community
supervision and imposing sentence pursuant to conviction for felony driving while
intoxicated. We dismiss for lack of jurisdiction in part and affirm in part.


BACKGROUND

 On February 25, 2000, pursuant to a plea bargain, appellant pled nolo contendere
to the charge of felony driving while intoxicated. The trial court sentenced appellant to
incarceration in the Texas Department of Criminal Justice-Institutional Division for a period
of five years with a $1,000 fine. Pursuant to the plea bargain agreement, the confinement
portion of the sentence was suspended and appellant was placed on community
supervision for five years. Appellant did not file a notice of appeal until after revocation of
his community supervision.

 The State's second motion to revoke appellant's community supervision was heard
on April 23, 2003. After a hearing on the motion, the trial court found that appellant had
violated two probation terms and revoked the order placing appellant on community
supervision.

 Appellant contends that the evidence is insufficient to support his conviction for
felony DWI and that the evidence is insufficient to support the trial court's finding that he
violated the terms of his probation. Appellant further contends that he received ineffective
assistance of counsel when trial counsel for the felony DWI failed to timely file a notice of
appeal.

APPELLATE JURISDICTION

 The Rules of Appellate Procedure do not establish the jurisdiction of courts of
appeals; the Rules provide procedures which must be followed in order to invoke a court's
jurisdiction over a particular appeal. Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App.
1996). If the jurisdiction of a court of appeals is not properly invoked, the power of the
appellate court to act is as absent as if it did not exist and the appeal will be dismissed for
lack of jurisdiction. See State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Crim.App. 2000);
Olivo, 918 S.W.2d at 523. 

 If an appeal is not timely perfected, a court of appeals has no jurisdiction to address
the merits of the appeal and can take no action other than to dismiss the appeal. Slaton
v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Texas Rule of Appellate Procedure
26.2 requires a notice of appeal to be filed within 30 days after sentence is imposed unless
the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a). A defendant who
is placed on community supervision has a right to appeal the conviction only at the time
community supervision is originally imposed. Tex. Crim. Proc. Code Ann. art. 42.12 §
23(b) (Vernon Supp. 2003). However, if the community supervision is later revoked for
violation of terms of the community supervision, the right of appeal is limited to the
revocation. Id. See Manuel v. State, 994 S.W.2d 658, 660 (Tex.Crim.App. 1999). 
Assertions that ineffective assistance of trial counsel resulted in denial of a meaningful
appeal may not be asserted via an untimely-filed appeal. Olivo, 918 S.W.2d at 525 n.8;
Ashorn v. State, 77 S.W.3d 405, 409 (Tex.App.--Houston [1st Dist.] 2002, pet. ref'd); Rivera
v. State, 940 S.W.2d 148, 149 (Tex.App.--San Antonio 1996, no pet.); George v. State, 883
S.W.2d 250, 251 n.3 (Tex. App.--El Paso 1994, no pet.).


THE FELONY DWI CONVICTION

 Appellant was convicted of felony driving while intoxicated and placed on community
supervision on October 13, 2000. No notice of appeal was filed. Rather, appellant filed a
general notice of appeal on July 16, 2003, following revocation of his community
supervision. Appellant's notice of appeal relating to his conviction for felony DWI is
untimely. Because this court has no jurisdiction over an untimely appeal, we dismiss those
aspects of the appeal relating to the felony DWI conviction for want of jurisdiction. See
Tex. R. App. P. 26.2(a); Tex. Crim. Proc. Code Ann. art. 42.12 § 23(b); Slaton, 981 S.W.2d
at 210; Olivo, 918 S.W.2d at 525 n.8.

REVOCATION PROCEEDING

 When multiple violations of conditions of probation are found by the trial court, the
order revoking probation will be affirmed if one sufficient ground for revocation supports the
court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980). Thus, in order
to prevail, an appellant must successfully challenge all of the trial court's findings that
support the revocation order. Joseph v. State, 3 S.W.3d 627, 640 (Tex.App.-Houston [14th
Dist.] 1999, no pet.) (citing Jones v. State, 571 S.W.2d 191, 193-94 (Tex.Crim.App. 1978)).

 In the present case, the trial court found that appellant violated two conditions of his
probation. On appeal, appellant challenges only one of those findings. Because appellant
does not challenge one of the findings that he violated community supervision conditions,
we must affirm the trial court's order revoking appellant's community supervision.


CONCLUSION

 Those parts of appellant's appeal addressing his conviction for felony DWI are
dismissed for want of jurisdiction. The remainder of the judgment is affirmed.


 Phil Johnson

 Chief Justice


Do not publish. 



SPAN STYLE="font-size: 10pt">
Issue Three - Calculation of Time Served


 In his last issue, appellant contends that the trial court "erred in giving [him] only 171
days credit against his sentence." We overrule the issue. 

 Appellant contends that he is entitled to a credit of 252 days. His argument,
however, is dependent upon our consideration of an affidavit executed by appellant and
attached to his appellate brief. (7) Affidavits and like documents attached to one's brief
cannot be considered by the court. Merchandise Center, Inc. v. WNS, Inc., 85 S.W.3d
389, 394 (Tex. App.--Texarkana 2002, no pet.). We must limit our consideration of
evidence to that appearing in the record before the trial court. Id. 

 Accordingly, we modify the judgment below to reflect that the amount of restitution
owed by appellant is $745 rather than $875 and affirm the judgment as modified.


 Brian Quinn

 Justice


Do not publish.


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. A probation revocation hearing is a trial for purposes of competency issues. Thompson v. State,
654 S.W.2d 26, 28 (Tex. App.--Tyler 1983, no pet.) (holding that due process requires that no person shall
have his probation revoked while incompetent); see also Reeves v. State, 46 S.W.3d 397, 399 (Tex. App.--
Texarkana 2001, pet. dism'd) (the court addressed the trial court's failure to conduct a competency hearing
with respect to the revocation of the defendant's probation). 
3. The pains were diagnosed as symptoms of diverticulosis.
4. For instance, appellant was asked "what is your medical condition," "do you want to address the court
on 5(A)," "what other medical problems do you have," and "what do you want the judge to do . . . I want you
to clarify that." 
5. As to the one allegation to which appellant did not plead true, he explained to the court in a coherent
manner why he thought it untrue. Simply put, he said he admitted to using drugs every day to receive
assistance from Serenity House, even though the admission was false. We do not say that the explanation
is wise or reasonable but only that it was coherently uttered. 
6. Indeed, that appellant may have turned to the State for help with his medical conditions may itself
be evidence of his competency. It is well-settled that the State must provide medical care for those it
incarcerates. Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). 
7. We find it ironic that while appellant suggests in his first issue that he was incompetent he
nonetheless finds himself sufficiently competent to calculate the days of credit to which he is purportedly
entitled and execute an affidavit containing that information.