

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00378-CR

Francisco **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CR-10156
Honorable Frank J. Castro, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: March 31, 2021

AFFIRMED

Appellant Francisco Sanchez appeals the trial court's judgment adjudicating his guilt and sentencing him to sixteen years' imprisonment. On appeal, Sanchez contends the trial court erred by failing to *sua sponte* hold an informal competency hearing. We overrule Sanchez's issue and affirm the trial court's judgment.

### BACKGROUND

In December of 2014, the State charged Sanchez with aggravated assault with a deadly weapon. On October 26, 2015, the trial court deferred making a finding of guilt and placed

Sanchez on community supervision for ten years. Over the next couple of years, the State filed motions to enter adjudication of guilt and revoke Sanchez's community supervision, and the trial court entered orders amending the conditions of his community supervision. On June 9, 2020, the State filed an amended motion to enter an adjudication of guilt and revoke Sanchez's community supervision, alleging Sanchez violated several conditions of his community supervision. The trial court held a hearing on the State's motion on June 24, 2020, during which probation officer Dante Hines and the mother of Sanchez's children, Fabiola Gamez, testified. Prior to the testimony, Sanchez pleaded not true to all violations. However, when Gamez started testifying, Sanchez pleaded true to all the violations. The trial court entered a judgment adjudicating guilt and sentenced Sanchez to sixteen years' imprisonment. Thereafter, Sanchez perfected this appeal.

## STANDARD OF REVIEW AND APPLICABLE LAW

A defendant is presumed to be competent to stand trial and shall be found competent unless proved incompetent by a preponderance of the evidence.[1] TEX. CODE CRIM. PROC. ANN. art. 46B.003(b). A defendant is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. *Id.* art. 46B.003(a). "Either party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial." *Id.* art. 46B.004(a). The initial inquiry is informal and is required only if evidence suggesting incompetency comes to the trial court's attention. *Id.* art. 46B.004(b)-(c); *Jackson v. State*, 391 S.W.3d 139, 141 (Tex. App.—Texarkana 2012, no pet.). The trial court, on its own motion, "shall suggest that the defendant may be incompetent to stand trial" if evidence suggesting that the defendant may be incompetent to stand trial comes to the trial

---

[1] A probation revocation hearing is a trial for purposes of competency issues. *Thompson v. State*, 654 S.W.2d 26, 28 (Tex. App.—Tyler 1983, no pet.).

court's attention. TEX. CODE. CRIM. PROC. ANN. art. 46B.004(b); *Lewis v. State*, 532 S.W.3d 423, 432 (Tex. App—Houston [14th Dist.] 2016, pet. ref'd).

Under article 46B.004, a suggestion of a defendant's incompetency to stand trial may consist solely of a credible source's representation that the defendant may be incompetent. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c–1). Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors set forth in article 46B.024 or on any other indication that the defendant is incompetent within the meaning of article 46B.003. *Id.* The factors set out in article 46B.024 include the capacity of the defendant during criminal proceedings to (1) rationally understand the charges against him and the potential consequences of those pending charges, (2) disclose to his defense counsel pertinent facts, events, and states of mind, (3) engage in a reasoned choice of legal strategies and options, (4) understand the adversarial nature of the criminal proceedings, (5) exhibit appropriate courtroom behavior, and (6) testify. *Id.* art. 46B.024(1)(A)–(F). Additional considerations include information regarding whether the defendant has a mental illness or an intellectual disability, "whether the identified condition has lasted or is expected to last continuously for at least one year," whether medication is necessary to maintain the defendant's competency, and "the degree of impairment resulting from the mental illness or intellectual disability . . . and the specific impact on the defendant's capacity to engage with counsel in a reasonable and rational manner." *Id.* art. 46B.024(2)–(5).

We review a trial court's decision not to *sua sponte* hold an informal inquiry into a defendant's competency for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds as stated in Turner v. State*, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013); *Lindsey v. State*, 544 S.W.3d 14, 21 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Under this standard, we do not substitute our judgment for that of the trial court but determine whether the trial court's decision was arbitrary or unreasonable. *Montoya*,

291 S.W.3d at 426. This is because the trial court, which observes first-hand the behavior of the defendant, is "in a better position to determine whether [the defendant] was presently competent." *Id.*

APPLICATION

Sanchez contends the trial court abused its discretion by failing to *sua sponte* hold an informal hearing regarding his competency. Sanchez argues there was evidence before the trial court suggesting his incompetency, specifically pointing to when he changed his plea from not true to true while Gamez was testifying. The State responds that the trial court's duty to inquire into Sanchez's competency was not triggered. We agree with the State.

At the beginning of the hearing, the trial court asked Sanchez whether he wanted to plead true or not true to violating the conditions of his community supervision, and Sanchez pleaded not true to all of the violations. The State then called Gamez to testify, and when Gamez began testifying about Sanchez's character as a good father, Sanchez interjected stating, "[a]ll of them are true. I'm not going to let her testify against me. They're all true. It's all true." Defense counsel then requested a recess to have a private discussion with Sanchez, and he advised Sanchez not to plead true. However, Sanchez refused to take defense counsel's advice and stated that he understood his attorney's advice and was competent to proceed, as shown in the following exchange:

> [Counsel]: Mr. Sanchez, you understand that I have advised you to take the plea offer, correct?
>
> [Sanchez]: Yes, sir.
>
> [Counsel]: And you have declined to take the plea offer?
>
> [Sanchez]: Yes, I declined. I'm very competent at the moment and I'm very aware of what is happening and what is going on.

Additionally, the record shows the trial court made certain that Sanchez understood the conditions he was alleged to have violated. As the State read each allegation against Sanchez, the trial court questioned Sanchez about whether he understood each violation, and Sanchez acknowledged he understood. The record also shows that towards the end of the hearing both the trial court and defense counsel verified Sanchez understood the consequences of his "true" pleas.

Accordingly, after reviewing the record, we conclude the trial court's duty to conduct an informal inquiry on a suggestion of incompetence was not triggered. *See In Matter of J.P.*, No. 04-16-00584-CV, 2017 WL 3159456, at *2–3 (Tex. App.—San Antonio July 26, 2017, no pet.) (mem. op.) (holding that the trial court's duty to conduct an informal inquiry on a suggestion of incompetence was not triggered when the appellant continuously affirmed his competency and ability to understand his pleas of true at a motion to revoke hearing). Here, the record does not suggest Sanchez was incompetent during the hearing and supports the trial court's decision not to delve further into Sanchez's competency. *See id.* We therefore conclude the trial court did not abuse its discretion by not *sua sponte* holding an informal competency hearing. *See id.*

## CONCLUSION

We overrule Sanchez's sole point of error and affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

Do Not Publish

- 5 -