

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00216-CR

John David **BABYAK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR9102
Honorable Melisa C. Skinner, Judge Presiding

Opinion by:   Rebeca C. Martinez, Chief Justice

Sitting:      Rebeca C. Martinez, Chief Justice
              Luz Elena D. Chapa, Justice
              Beth Watkins, Justice

Delivered and Filed: June 29, 2022

AFFIRMED

Appellant John David Babyak appeals the trial court's judgment revoking his community

supervision.  On appeal, Babyak contends the trial court erred by failing to *sua sponte* hold an

informal competency hearing.  We overrule Babyak's issue and affirm the trial court's judgment.

### BACKGROUND

In 2019, pursuant to a plea agreement, Babyak pled nolo contendere to a charge of

Fraudulent Use or Possession of Identifying Information.  *See* TEX. PENAL CODE ANN. § 32.51.  In

accordance with his plea agreement, Babyak received a sentence that included confinement in the

Institutional Division of the Texas Department of Criminal Justice for seven years. The court suspended the sentence of confinement and placed Babyak on community supervision for ten years. In December 2019, the State filed an application to revoke Babyak's community supervision, alleging numerous violations of the conditions of Babyak's community supervision. Babyak pled not true to the State's allegations and the trial court held a hearing on the State's motion to revoke in April 2021, during which Officer Katelyn Mills, Leslie Felder, Officer Victoria Richwalski, Officer Joe Favala, Detective Joseph Fech, and Babyak testified. The trial court found that Babyak violated conditions 1 and 2 of his probation and sentenced him to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for seven years. Babyak timely appealed.

## STANDARD OF REVIEW AND APPLICABLE LAW

A defendant is presumed to be competent to stand trial and shall be found competent unless proved incompetent by a preponderance of the evidence.[1] TEX. CODE CRIM. PROC. ANN. art. 46B.003(b). A defendant is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. *Id.* art. 46B.003(a). "Either party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial." *Id.* art. 46B.004(a). The initial inquiry is informal and is required only if evidence suggesting incompetency comes to the trial court's attention. *Id.* art. 46B.004(b)–(c); *Jackson v. State*, 391 S.W.3d 139, 141 (Tex. App.—Texarkana 2012, no pet.). The trial court, on its own motion, "shall suggest that the defendant may be incompetent to stand trial" if evidence suggesting that the defendant may be incompetent to stand trial comes to the trial

---

[1] A probation revocation hearing is a trial for purposes of competency issues. *Thompson v. State*, 654 S.W.2d 26, 28 (Tex. App.—Tyler 1983, no pet.).

court's attention. TEX. CODE. CRIM. PROC. ANN. art. 46B.004(b); *Lewis v. State*, 532 S.W.3d 423, 432 (Tex. App—Houston [14th Dist.] 2016, pet. ref'd).

Under article 46B.004, a suggestion of a defendant's incompetency to stand trial may consist solely of a credible source's representation that the defendant may be incompetent. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c–1). Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors set forth in article 46B.024 or on any other indication that the defendant is incompetent within the meaning of article 46B.003. *Id.* The factors set out in article 46B.024 include the capacity of the defendant during criminal proceedings to (1) rationally understand the charges against him and the potential consequences of the criminal proceedings, (2) disclose to his defense counsel pertinent facts, events, and states of mind, (3) engage in a reasoned choice of legal strategies and options, (4) understand the adversarial nature of the criminal proceedings, (5) exhibit appropriate courtroom behavior, and (6) testify. *Id.* art. 46B.024(1). Additional considerations include information regarding whether the defendant has a mental illness or an intellectual disability, "whether the identified condition has lasted or is expected to last continuously for at least one year," whether medication is necessary to maintain the defendant's competency, and "the degree of impairment resulting from the mental illness or intellectual disability . . . and the specific impact on the defendant's capacity to engage with counsel in a reasonable and rational manner." *Id.* art. 46B.024(2)–(5).

We review a trial court's decision not to *sua sponte* hold an informal inquiry into a defendant's competency for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds as stated in Turner v. State*, 422 S.W.3d 676, 692 n.31 (Tex. Crim. App. 2013); *Lindsey v. State*, 544 S.W.3d 14, 21 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Under this standard, we do not substitute our judgment for that of the

trial court but determine whether the trial court's decision was arbitrary or unreasonable. *Montoya*, 291 S.W.3d at 426. This is because the trial court, which observes first-hand the behavior of the defendant, is "in a better position to determine whether [the defendant] was presently competent." *Id.*

**APPLICATION**

Babyak contends the trial court abused its discretion by failing to *sua sponte* hold an informal hearing regarding his competency because there was evidence suggesting he may have been incompetent to proceed during the hearing on the State's motion to revoke community supervision. The State responds that the trial court's duty to inquire into Babyak's competency was not triggered.

At the beginning of the hearing, the trial court stated that Babyak entered pleas of not true to each of the alleged violations of his community supervision. Defense counsel began his questioning by making sure Babyak was willing and able to proceed, as shown in the following exchange:

[Counsel]: Mr. Babyak, are you comfortable [to] proceed with this?

[Babyak]: Yes.

[Counsel]: Do you understand why we're here?

[Babyak]: I believe it's for my violation hearing only.

Later, the record shows that Babyak stated it was improper that he be brought before a motion to revoke hearing because he believed he was entitled to a jury trial for his new charges. The trial court then explained the nature of the hearing and how it differed from a jury trial. When the court first explained, Babyak stated that he did not understand, at which point the court further explained the proceeding and asked if he understood. Babyak responded that he did understand. The court then allowed defense counsel the opportunity to speak with Babyak during a recess.

When the court reconvened, defense counsel thanked the court for clarifying the process of the motion to revoke and stated that Babyak no longer wished to testify.

After reviewing the record, we conclude the trial court's duty to conduct an informal inquiry on a suggestion of incompetence was not triggered. *See Sanchez v. State*, No. 04-20-00379-CR, 2021 WL 1199052, at *2 (Tex. App.—San Antonio Mar. 31, 2021, no pet.) (mem. op., not designated for publication) (trial court's duty to conduct informal inquiry on suggestion of incompetence was not triggered when appellant affirmed, at revocation hearing, that he understood each violation of his community supervision and consequences of his true pleas); *see also Rojas v. State*, 228 S.W.3d 770, 773 (Tex. App.—Amarillo 2007, no pet.) (appellant's statement that he did not always understand what counsel told him did not require trial court to conduct informal inquiry into competency because it "fail[ed] to show an inability to consult with 'a reasonable degree of rational understanding'" under article 46B.003(a)).

Here, the record does not suggest Babyak was incompetent during the hearing and supports the trial court's decision not to delve further into Babyak's competency. *See Sanchez*, 2021 WL 1199052, at *2. We therefore conclude the trial court did not abuse its discretion by not *sua sponte* holding an informal competency hearing. *See id*.

## CONCLUSION

We overrule Babyak's sole point of error and affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH