COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| ROLAND X. DAVIS, | § | No. 08-23-00316-CR |
|---|---|---|
| Appellant, | § | Appeal from |
| v. | § | 187th Judicial District Court |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2020CR10708) |

## MEMORANDUM OPINION

Appellant Roland X. Davis pled no contest to aggravated assault with a deadly weapon and was placed on deferred adjudication. Davis claims the trial court abused its discretion by revoking his community supervision, adjudicating his guilt, and sentencing him to ten years in prison. We affirm.

## BACKGROUND

Davis was charged with aggravated assault with a deadly weapon in August 2020 following his arrest in Bexar County for allegedly striking the victim with a firearm.[1] Tex. Penal Code Ann. § 22.02(a)(2). He later pled no contest to the offense and limited his right to appeal in exchange

---

[1] This case was transferred from the Fourth Court of Appeals to this Court pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. Accordingly, we follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

for the prosecutor's recommendation of five years on community supervision, which the trial court adopted. Among other things, the terms of Davis's community supervision required that he report to probation each month and submit to drug tests.

After alleging Davis violated several conditions of his probation, the State filed a motion to adjudicate Davis's guilt and revoke his community supervision. The court instead continued Davis's community supervision, adding additional conditions. A few months later, following several additional alleged violations of his community supervision conditions, the State again sought to adjudicate Davis's guilt and revoke his community supervision. The trial court held a revocation hearing, at which Davis pleaded true to failing to report to his probation officer for four consecutive months, and the court determined that the State established Davis violated his probation terms. The trial court revoked Davis's community supervision, adjudicated him guilty, and assessed a punishment of ten years' confinement. Davis appeals.

## DISCUSSION

In three issues on appeal, Davis contends the trial court abused its discretion by: (1) sentencing him to ten years in prison; (2) revoking his community supervision without sufficient evidence; and (3) continuing to adjudicate his guilt after he raised a competency issue during the revocation hearing.

### A. Davis failed to preserve his Eighth Amendment challenge.

First, Davis challenges the trial court's decision to sentence him to ten years' imprisonment for aggravated assault with a deadly weapon. He emphasizes that the probation office recommended continuing his probation along with outpatient treatment, while the State requested eight years' imprisonment. Davis also points to his statements informing the trial court about his recent period of homelessness, his wife's recent death, and the fact that he is now a single parent

2

to three children. Considering those difficult circumstances, Davis contends that the trial court abused its discretion by sentencing him to ten years in prison.

Generally, to preserve an Eighth Amendment complaint, the defendant must raise the issue at the trial court level by objecting at the punishment hearing, objecting when the sentence is pronounced, or raising the issue in a motion for new trial. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013). As the State points out, neither Davis nor his counsel objected to the sentence at the revocation hearing, and Davis did not move for a new trial. Thus, Davis has not preserved this complaint on appeal.

Even assuming he had preserved this issue, however, a trial court may impose any punishment within the relevant statutory range once it revokes community supervision, despite Davis's very unfortunate situation. *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (en banc) (per curiam). Aggravated assault with a deadly weapon is a second-degree felony punishable by a term of two to 20 years' imprisonment. Tex. Penal Code Ann. §§ 12.33(a), 22.02(a)(2)–(b). And even though the State asked the court to sentence Davis to eight years in prison, we cannot say that the trial court abused its discretion by assessing a ten-year sentence, as it was well within the statutory range.

Issue One is overruled.

**B. Sufficient evidence supports the trial court's revocation of community supervision.**

Next, Davis argues the trial court erred by terminating his community supervision without sufficient evidence.

We review a trial court's decision to proceed to an adjudication of guilt and revoke deferred-adjudication community supervision for abuse of discretion, taking into consideration the State's burden of proof. *Pena v. State*, 508 S.W.3d 599, 604 (Tex. App.—El Paso 2016, pet. ref'd).

The State must prove a violation of a condition of community supervision by a preponderance of the evidence. *Id.* That is, the State must show the "greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his community supervision." *Id.* (cleaned up). A court abuses its discretion by revoking community supervision for an inappropriate reason (e.g., a valid invocation of Fifth Amendment privilege) or if the State fails to meet its burden of proof. *Id.* But a defendant's plea of true to an allegation that he has violated a condition of his community supervision is sufficient to support the revocation of probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Martinez v. State*, 2015 WL 8986704, at *1 (Tex. App.—San Antonio 2015) (recognizing the same except "when the sole basis for revoking community supervision is a defendant's failure to pay fines and restitution[,]" in which case, an evidentiary hearing must be conducted); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.) (recognizing "appellant's plea may certainly be considered as evidence to support the revocation of his probation" when nothing in the record indicates the plea was conditional nor did appellant complain it was improvident). We must review the evidence presented at a revocation hearing in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

At Davis's revocation hearing, after entering a plea of true to violating one of his conditions of community supervision, the judge explained that Davis could be sent to prison on that basis alone:

| | |
|---|---|
| THE COURT: | Okay. Do you understand, sir, by pleading true, based on your word alone, I can send you to prison? Do you understand that? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Understanding that could happen to you, do you still wish to plead true? |

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. I'll find it is true.

Davis and his counsel then explained his violation by detailing the difficult circumstances he had recently experienced, including a period of homelessness and his wife's death. However, Davis's community supervision condition violation was supported by his plea of true, notwithstanding the fact that he attempted to offer mitigating circumstances. *Hays*, 933 S.W.2d at 660–61; *see also Simmang v. State*, No. 04-09-00563-CR, 2010 WL 2298839, at *2 (Tex. App.—San Antonio June 9, 2010, pet. ref'd) (mem. op., not designated for publication) (concluding appellant's violation of community supervision was supported by plea of true despite his attempt to offer mitigating circumstances); *McClain v. State*, No. 04-05-00941-CR, 2006 WL 1539638, at *1 (Tex. App.—San Antonio June 7, 2006, no pet.) (mem. op., not designated for publication) (same).

Davis also complains that he was not administered an oath at any point during the revocation hearing, contrary to Texas Rule of Evidence 603's requirement that each witness affirm to testify truthfully. But Davis volunteered his true plea and was not called to testify by his counsel. Thus, regardless of whether Davis was sworn, his plea of true to the probation violation is sufficient to support the trial court's decision. *See Moses*, 590 S.W.2d at 470. The trial court did not abuse its discretion in revoking Davis's community supervision.

Issue Two is overruled.

**C. The trial court did not err by not conducting an informal competency inquiry.**

Finally, Davis argues the trial court abused its discretion by continuing to adjudicate his guilt after he allegedly raised the issue of his competency at the revocation hearing. Specifically, Davis contends his counsel raised the issue of his competency by stating that Davis had been diagnosed with depression and bipolar disorder.

5

A defendant is presumed competent to stand trial unless proved incompetent by a preponderance of the evidence.[2] Tex. Code Crim. Pro. Ann. art 46B.003(b). A person is incompetent if he does not have either sufficient present ability to consult with his counsel with a reasonable degree of rational understanding or a rational and factual understanding of the proceedings against him. *Id.* 46B.003(a). If evidence indicating the defendant may be incompetent to stand trial comes to the attention of the court, the court must then suggest the defendant may be incompetent to stand trial and determine by informal inquiry whether there is "some evidence from any source" that would support that finding. *Id.* 46B.004(b)–(c); *accord Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). We review a trial court's decision not to *sua sponte* conduct an informal competency inquiry for abuse of discretion. *George v. State*, 446 S.W.3d 490, 499 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). And we give "great deference" to the trial court's assessment of the defendant's present ability to understand the proceedings and assist counsel. *Lewis v. State*, 532 S.W.3d 423, 432 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

Before accepting Davis's plea, the trial court asked Davis if he understood that by pleading true to the probation violation he could be sentenced to prison. Only after Davis said he did understand those consequences did the trial court accept his plea. Although Davis's counsel later raised his diagnoses of depression and bipolar disorder as extenuating circumstances in arguing for a shorter sentence, a diagnosis of mental illness does not suggest incompetence or trigger an informal incompetency inquiry unless there is a suggestion that it impacts the defendant's ability to understand the proceedings and communicate with his counsel. *Baker v. State*, No. 04-14-00676-CR, 2016 WL 1588278, at *3 (Tex. App.—San Antonio Apr. 20, 2016, pet. ref'd) (mem.

---

[2] A revocation hearing is a "trial" for these purposes. *Thompson v. State*, 654 S.W.2d 26, 28 (Tex. App.—Tyler 1983, no pet.) (citing *Mata v. State*, 632 S.W.2d 355 (Tex. Crim. App. 1982)).

op., not designated for publication) (citing *Jackson v. State*, 391 S.W.3d 139, 143 (Tex. App.—Texarkana 2012, no pet.)). The record does not reflect any suggestion that Davis's diagnoses presently impacted his ability to understand the proceedings or communicate with his counsel. Thus, the trial court did not err by not conducting an informal competency inquiry at the revocation hearing.

Issue Three is overruled.

## CONCLUSION

Because the trial court did not abuse its discretion in revoking Davis's community supervision, adjudicating his guilt, and sentencing him to ten years' imprisonment, we affirm.

LISA J. SOTO, Justice

May 21, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)

7