**Kimberly Anne REEVES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–00–00103–CR.**

Court of Appeals of Texas, Texarkana.

Submitted April 17, 2001.

Decided April 18, 2001.

Discretionary Review Dismissed July 11, 2001.

Ebb B. Mobley, Longview, for appellant.

Andy Porter, Assistant District Attorney, Longview, for the State.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Kimberly Anne Reeves appeals the revocation of her community supervision. She pled guilty to robbery as part of a plea agreement. The trial court assessed her punishment at ten years' imprisonment, but suspended the imposition of her sentence and placed her on eight years' community supervision. Less than a month later, the State filed a motion to revoke Reeves' community supervision, alleging seven violations of its terms. After a hearing, the trial court found five of the State's allegations true, revoked Reeves' community supervision, and assessed her punishment at ten years' imprisonment.

■ Reeves first contends the trial court erred in failing to conduct a competency hearing. A person is incompetent to stand trial if she does not have (1) sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against her. TEX. CODE CRIM. PROC.

ANN. art. 46.02, § 1A(a) (Vernon Supp. 2001). A defendant is presumed to be legally competent unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46.02, § 1A(b) (Vernon Supp. 2001). The requirement that a defendant be competent applies at revocation proceedings. *See Medina v. State,* 7 S.W.3d 876, 878 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Rice v. State,* 991 S.W.2d 953, 955–59 (Tex. App.—Fort Worth 1999, pet. ref'd). Further, a defendant must be competent at the time of her sentencing. TEX. CODE CRIM. PROC.ANN. art. 42.07(2) (Vernon Supp. 2001); *Casey v. State,* 924 S.W.2d 946, 949 (Tex.Crim.App.1996).

■ During any part of the proceeding, evidence of a defendant's incompetency may be brought to the trial court's attention from any source. TEX. CODE CRIM. PROC. ANN. art. 46.02, § 2(b) (Vernon 1979). When evidence of incompetency during the proceeding is produced, the court must conduct an inquiry, referred to as a "Section 2(b) inquiry" (outside the presence of a jury) to determine whether there is evidence to support a finding of incompetency to stand trial. *Id.* Such an inquiry is required only if the evidence brought to the trial court's attention is such as to raise a "bona fide" doubt in the trial court's mind as to the defendant's competency. *Collier v. State,* 959 S.W.2d 621, 625 (Tex.Crim.App.1997). In general, a "bona fide" doubt is raised only if the evidence indicates recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant. *Id.* Prior hospitalization and treatment for depression do not *per se* warrant the trial court's holding of a competency hearing. *Moore v. State,* 999 S.W.2d 385, 395 (Tex.Crim.App.1999), *cert. denied,* 530 U.S. 1216, 120 S.Ct. 2220, 147 L.Ed.2d 252 (2000). When the trial court holds a Sec-

tion 2(b) hearing and any evidence (i.e., a quantity more than none or a scintilla) is presented that could rationally lead to a determination of incompetency, and regardless of evidence showing competency, the trial court must impanel a separate jury to determine the defendant's competency to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46.02, § 4(a) (Vernon Supp. 2001); *Moore,* 999 S.W.2d at 393.

■ Before the revocation hearing, Reeves moved to have a court-appointed psychiatrist examine her. The trial court held a hearing on Reeves' motion. At the hearing, Reeves' mother, Linda Metcalf, testified that she took Reeves in when Reeves was an infant; that Reeves' birth mother was an alcoholic who drank heavily when she was pregnant with Reeves; that Reeves had a seven-year history of drug addiction; and that Reeves had attempted suicide at least once. On cross-examination, Metcalf testified that she saw Reeves nearly every day while she was out of jail on probation; that Reeves seemed to know who she was; that she did not exhibit activities that were bizarre or psychotic, other than her drug addiction; and that she had not visited Reeves in county jail since she was arrested on the State's motion to revoke. On redirect examination, Metcalf opined that Reeves' problems stem from more than just her drug addiction.

■ We review a trial court's decision that the evidence at a Section 2(b) hearing did not raise the issue for submission to a jury by viewing the evidence in the light most favorable to the party with the burden of securing the finding, disregarding contrary evidence and inferences. *Casey,* 924 S.W.2d at 948 n. 4. Viewing the above evidence in the light most favorable to Reeves' position, we conclude that the trial court did not err in failing to conduct a competency hearing. There was no testimony regarding Reeves' present ability to consult with her lawyer with a reasonable degree of rational understanding or whether she had a rational as well as factual understanding of the proceedings against her. There was evidence regarding her drug addiction and a suicide attempt, but this evidence did not reflect on her ability to understand or participate in the proceedings on that day. We overrule Reeves' first issue on appeal.

In her second and third issues on appeal, Reeves contends we should consider a pro se point concerning whether the trial court abused its discretion in revoking her community supervision on what she considers to be unsubstantiated evidence. Though Reeves acknowledges she does not have a constitutional right to hybrid representation on appeal, *see Landers v. State,* 550 S.W.2d 272, 280 (Tex.Crim.App.1977) (opinion on reh'g), she asks us to review her request in light of *Smith v. Robbins,* 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). Her attorney on appeal has attached a copy of her contention to the brief he submitted to this Court.

■ In *Robbins,* the United States Supreme Court held that states are free to adopt procedures for determining whether an indigent appellant's appeal is without merit, other than the procedure outlined in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *Robbins,* 528 U.S. at 265, 120 S.Ct. 746. In so holding, the Supreme Court approved of California's procedure that allows the attorney on appeal to file a brief with the appellate court in which the attorney (1) summarizes the factual and procedural history of the case with citations to the record, (2) attests that the attorney has reviewed the record, explained the attorney's evaluation of the case to the client, provided the client with a copy of the brief, and informed the client of his/her right to file a *pro se* supplemental brief, and (3) requests

the court to independently examine the record for arguable issues. *Id.* In addition, the attorney on appeal neither explicitly states the attorney's opinion that the appeal is without merit nor requests leave to withdraw. *Id.* The appellate court must then conduct a thorough review of the entire record, regardless of whether the appellant has filed a pro se brief. *Id.*

*Robbins* does not assert that the appellant has a right to hybrid representation. Rather, *Robbins,* like *Anders,* allows the appellant to file a brief pro se only when the appellant's attorney files a brief that does not raise and argue issues on their merits. That is not the situation in the present case because Reeves' counsel raised and argued the issue related to her competency, which we discuss above. Thus, the concerns addressed in *Anders* and *Robbins,* i.e., ensuring an indigent appellant's right to counsel on appeal when the attorney believes the appeal is without merit, do not come into play here. We overrule Reeves' second and third issues on appeal.

The judgment is affirmed.