NO. 07-05-0155-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 13, 2005


______________________________



CHRISTOPHER WAYNE McCOY,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 174th DISTRICT COURT OF HARRIS COUNTY;



NO. 999635; HON. GEORGE H. GODWIN, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., REAVIS, J., and BOYD, S.J. (1)


 Appellant Christopher Wayne McCoy appeals from a judgment convicting him of
aggravated sexual assault of a child. The reporter's record is due in this cause. An
extension of the applicable deadline was sought by the court reporter. The reporter, by
letter dated June 3, 2005, represented to us that she has not been contacted by anyone
to prepare a reporter's record in this case and she will not be filing a reporter's record. 

 Accordingly, we now abate this appeal and remand the cause to the 174th District
Court of Harris County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following: 

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and, 

 3. whether appellant is entitled to appointed counsel and a free appellate
record. 


The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed
a supplemental clerk's record containing the findings of fact and conclusions of law and all
orders it may issue as a result of its hearing on this matter, and 3) cause to be developed
a supplemental reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Should it be determined that appellant wishes to prosecute the
appeal, is indigent, and is entitled to an appointed attorney but has none, then the trial court
shall appoint counsel, unless appellant knowingly and voluntarily waives counsel. 
Furthermore, the name, address, and phone number of any counsel appointed by the trial
court to represent appellant shall be included in the supplemental record. The trial court
shall also file both supplemental records with the clerk of this court on or before July 11,
2005. Should further time be needed by the trial court to perform these tasks, then it must
be requested before July 11, 2005. 

 It is so ordered. 

 Per Curiam 

 Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004). 



 aware of the nature of the proceeding in which he was then
involved. Given this, the trial court found appellant competent to stand trial, accepted the
guilty pleas, found him guilty for the offenses charged and, once a punishment hearing was
concluded, levied sentence. 

Issue One - Factual Sufficiency of the Evidence


 In his first issue, appellant contends that the evidence presented to the court during
the plea hearing was factually insufficient to find him competent to stand trial. We overrule
the issue.

 The standard by which we review the factual sufficiency of the evidence is well
established and fully discussed in Zuliani v. State, 97 S.W.3d 589, 593-95 (Tex. Crim. App.
2003) and King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We refer the
litigants to them for their discussion. (2) 

 Next, a person is incompetent to stand trial if he lacks 1) sufficient present ability to
consult with his lawyer with a reasonable degree of rational understanding or 2) a rational
and factual understanding of the proceedings against him. Tex. Code Crim. Proc. Ann.
art. 46.02 §1A(a) (Vernon Supp. 2004) (Emphasis added). Furthermore, one is presumed
competent unless proved incompetent by a preponderance of the evidence. Id. §1A(b). 

 Additionally, when an accused is found incompetent and sent to a mental health
facility, as appellant was here, the head of the facility must notify the trial court when "he
is of the opinion that the defendant has attained competency . . . ." Id. §5(f)(1). And, when
the accused is discharged, "a final report shall be filed with the court documenting the
applicable reason for the discharge . . . ." Id. §5(i). Moreover, the trial court 

 is authorized to make a determination based solely on the report with regard
to the defendant's competency to stand trial, unless the prosecuting attorney
or the defense counsel objects in writing or in open court to the findings of
the report within 15 days from the time the report is served on the parties.


Id. Finally, if the accused is found competent to stand trial, criminal proceedings against
him may be resumed. Id. §5(k). With this said, we turn to the record before us.

 As previously mentioned, appellant was found incompetent and sent to a mental
health facility, i.e. Vernon. Thereafter, he was discharged and, in the ensuing report,
categorized as "competent to stand trial" by the chief psychiatrist at Vernon. So too was
he described, in the report, as 1) demonstrating "a factual and rational understanding of
the court personnel and proceedings," 2) having "an appreciation of the charges and legal
strategy" and "an awareness of the consequences and penalties if convicted," 3) having
"the capacity to disclose facts and testify relevantly," 4) having the ability "to assist his
attorney in preparing his defense" and to "conform his behavior to the acceptable decorum
of the court," 5) having "adequate memory, attention, intellectual functioning," 6) having the
"ability to engage in a logical and coherent discussion," 7) "functioning in the average range
of intelligence," and 8) demonstrating "adequate decision-making ability to select a
reasonable strategy on his case." The chief psychiatrist also stated in the report that
appellant "has been diagnosed with malingering and has a strong potential for
exaggerating symptoms which might include bizarre acting out behaviors . . . ." The
possibility that appellant "will become extremely desperate while in jail and exaggerate
symptoms in a desperate bid to appear mentally ill . . . to try and avoid the consequences
of the current charges," was further noted. Nothing of record indicates that either party
objected to this report. This is of import given that statute authorizes the trial court to
determine his competency solely from it. Tex. Code Crim. Proc. Ann. art. 46.02 §5(i)
(Vernon Supp. 2004). So, at the very least, it provides more than ample evidence to
support the trial court's finding of competency.

 That the trial court may have voiced some disagreement with the allusion to
appellant "malingering" does not render the report bereft of weight or the finding of
competency factually insufficient. That aspect of the report was one of many observations
uttered therein. And, at no time did the trial court state that it disagreed with any other
observation in it, including those involving the accused's ability to engage in legal strategy,
demonstrate adequate decision-making ability, function within an average range of
intelligence, factually and rationally understand the criminal proceedings in which he was
involved, appreciate the charges and consequences if convicted, disclose facts and testify
relevantly, or conform his conduct and assist his attorney in preparing his defense. To this,
we also add the trial court's observations of appellant, his demeanor, and his answers to
the court's questions during the plea hearing. Indeed, the trial court expressly stated that
those observations influenced its decision. Consequently, we are unable to say that the
evidence of appellant's competency to stand trial at the time of the plea hearing was too
weak to support the trial court's finding or that the proof of his competency was against the
great weight and preponderance of the evidence. 

Issue Two - Sua Sponte Hearing


 In his second issue, appellant faults the trial court for failing to empanel another jury
to consider his competency as a result of his responses at the plea hearing. We overrule
the issue. 

 Whether the trial court erred in failing to empanel a jury depends upon whether it
abused its discretion. Moore v. State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999), cert.
denied, 530 U.S. 1216, 120 S.Ct. 2220, 147 L.Ed.2d 252 (2000). And, whether it abused
its discretion depends upon whether its decision fell outside the zone of reasonable
disagreement. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). 

 Next, a trial court need not sua sponte empanel a jury to determine competency 
unless evidence brought to the trial court's attention is sufficient to raise a bona fide doubt
in the mind of the judge as to the defendant's competency to stand trial. Alcott v. State,
51 S.W.3d 596, 601 (Tex. Crim. App. 2001); Moore v. State, 999 S.W.2d at 393. 
Generally, such a doubt exists only if the evidence indicates recent severe mental illness,
moderate mental retardation, or truly bizarre acts by the defendant. McDaniel v. State, 98
S.W.3d 704, 710 (Tex. Crim. App. 2003); Alcott v. State, 51 S.W.3d at 599 n.10; Reeves
v. State, 46 S.W.3d 397, 399 (Tex. App.--Texarkana 2001, pet. dism'd). And, again, it
must support the inference that the accused lacked the present ability to consult with his
attorney or a rational and factual understanding of the proceedings against him. Tex. Code
Crim. Proc. Ann. art. 46.02 §1A(a) (Vernon Supp. 2004); see Rodriguez v. State, 899
S.W.2d 658, 665 (Tex. Crim. App. 1995), cert. denied, 516 U.S. 946, 116 S.Ct. 385, 133
L.Ed.2d 307 (1995) (stating that competency considerations involve an individual's present
ability to consult with his attorney or understand the proceedings against him). 

 Here, the trial court had a report from Vernon wherein appellant was found to be
competent. That report was issued within three weeks before the plea hearing, and statute
authorized the trial court to rely exclusively on it when considering appellant's competency. 

 As to appellant's answers at the plea hearing, some of the initial ones were indeed
unresponsive to various questions propounded. Yet, his ultimate replies proved highly
responsive. Those answers also evinced appellant's understanding of the proceedings
against him and the voluntariness of his actions, or the trial court could have so reasonably
held. 

 Furthermore, the plea hearing was bereft of outbursts or bizarre actions on the part
of appellant. So too did defense counsel refrain from suggesting that her client was unable
to communicate with her or was unaware of either the nature of the proceedings against
him or his situation. This is telling for that same counsel was not only aware of appellant's
prior condition but also instrumental in having him previously declared incompetent by a
jury. Yet, at the plea hearing, she said nothing about appellant being incompetent at the
time.

 Given the record before us, we cannot say that the evidence created a bona fide 
doubt of appellant's competency. Thus, we cannot say that the failure to empanel another
jury to address appellant's competency at the time of the plea hearing fell outside the zone
of reasonable disagreement or that the trial court abused its discretion.

 Accordingly, the judgments of the trial court are affirmed.

 

 Brian Quinn 

 Justice

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. Appellant asks that we either modify or deviate from the standard of review discussed in the cases
we cite due to recent writings of the Texas Supreme Court. However, the Texas Court of Criminal Appeals
has final say in things criminal, not the Texas Supreme Court. And, since it has prescribed a particular
standard of review, we must follow it as prescribed.